# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GEORGE MERLINO,**

       **Plaintiff,**　　　　　　　**CIVIL ACTION NO. 07-CV-11421-DT**

vs.

　　　　　　　　　　　　　　　　**DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**JOSEPH WESTWOOD, Dr.,**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.　RECOMMENDATION:**　Defendant Joseph Westwood's Motion to Dismiss filed on June 18, 2007 (docket no. 10) should be **GRANTED** as to Claims II and III but **DENIED** as to Claims I and IV.

**II.　REPORT:**

　　*A.　Facts and Procedural History*

　　This matter comes before the Court on Defendant Joseph Westwood's Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Docket no. 10). Plaintiff has not responded to the motion, and his time for responding has now expired. The Court ordered supplemental briefing on August 22, 2007. (Docket no. 13). This case has been referred to the undersigned to decide all pretrial matters. (Docket no. 12). Defendant's Motion to Dismiss is now ready for ruling.

　　Plaintiff, a Michigan state prisoner, alleges that Defendant Westwood, a prison physician, violated the Americans with Disabilities Act and Section 505 of the Rehabilitation Act of 1973. (Docket no. 1 ¶ 3). Plaintiff also alleges that Defendant violated his Eighth and Fourteenth

-1-

Amendment rights under 42 U.S.C. § 1983. (*Id.* ¶¶ 3-4). The following statement of facts is taken from Plaintiff's Complaint. Plaintiff injured his right wrist and hand before the events complained of in this action. As a result of this injury he is a disabled individual with a permanent disability. (*Id.* ¶ 9). In 2004 and 2005 prison medical personnel provided to Plaintiff a wrist brace to prevent severe pain and discomfort and to assist Plaintiff in daily activities such as writing. (*Id.* ¶¶ 11-12). Despite having a "special accommodation notice" from prison officials his brace was confiscated several times by guards.

At some point prison officials issued a major misconduct citation against Plaintiff for allegedly possessing an altered or forged accommodation notice. Plaintiff then contacted Defendant Westwood and requested that he issue another "detail," or notice to the staff, that would allow Plaintiff to keep his wrist brace. (*Id.* ¶ 18). Defendant "indicated that MDOC staff requested that the Special Accommodation Notice be revoked" and that he "was revoking the accommodation." (*Id.*). Plaintiff then filed a grievance against Defendant raising the same issues as raised in his Complaint, and "it was not until then that Dr. Westwood indicated that plaintiff did not need the wrist brace or the Special Accommodation Notice alleging that plaintiff had fair movement and no pain in his wrist." (*Id.* ¶ 19). Plaintiff saw Defendant again on March 16, 2007 and again requested a special accommodation notice for his wrist brace, but Defendant "became very angry" and escorted Plaintiff out of Health Services. (*Id.* ¶ 22).

In Claim I Plaintiff alleges that Defendant was deliberately indifferent to Plaintiff's serious medical condition in violation of the Eighth Amendment. (*Id.* at 4). Plaintiff alleges that Defendant "deliberately and intentionally subjected plaintiff to wanton and unnecessary pain and suffering by refusing to provide plaintiff with his wrist brace and Special Accommodation Notice." (*Id.* ¶ 26).

Plaintiff states that Defendant "should never base medical decisions upon the recommendations or request's (sic) from non-medical staff." (*Id.* ¶ 27).

In Claim II Plaintiff alleges that Defendant violated the American with Disabilities Act by denying him a medical device, presumably the wrist brace. Plaintiff alleges in Claim III that Defendant violated Section 504 of the Rehabilitation Act of 1973 by refusing Plaintiff a medical device, again presumably the wrist brace. Finally, in Claim IV Plaintiff alleges that Defendant violated his equal protection and due process rights by denying him accommodations for his disability while providing them for other inmates. Plaintiff also alleges that Defendant failed to follow the proper procedures in revoking and refusing to supply him with his special medical device. Plaintiff requests declaratory and injunctive relief as well as damages.

B. *Standard of Review*

Defendant's Motion is labeled as a Motion to Dismiss or for Summary Judgment. However, Defendant states that if the Rule 56 standard applies he "requests the opportunity to present all material made pertinent to such a motion, per Fed. R. Civ. P. 12(b)." (Docket no. 10 at 16). Because of this language, in addition to the fact that Defendant has not submitted any affidavits or medical records to support the motion, Defendant's motion should be treated solely as a motion to dismiss under Rule 12(b)(6). Although Rule 12(b)(6) does allow the Court to convert such a motion to one under Rule 56, the proper notices must first be given, and of course Defendant has specifically requested that he be given the opportunity to present additional material before the Court considers such a motion. Therefore, the Court declines to consider this motion to dismiss as one for summary judgment at this point. The parties may file properly supported motions for summary judgment after this motion is decided.

Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

C. *Analysis*

1. *Plaintiff's Claims under the Americans with Disabilities Act and the Rehabilitation Act*

Defendant moves to dismiss Plaintiff's claims for relief under the Rehabilitation Act and the Americans with Disabilities Act because neither of these statutes imposes liability upon individuals. (Docket no. 10 at 23-24). *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 & n.1 (6th Cir. 1999) (individual supervisor not personally liable under ADA); *Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999) (supervisors do not meet definition of "an employer" under Rehabilitation Act). In *Lee v. Michigan Parole Bd.*, 104 Fed. App'x 490, 493 (6th Cir. 2004), the court held that "neither the ADA nor the RA impose liability upon individuals." Plaintiff has named as the sole defendant an individual who does not meet the statutory definition of employer. Accordingly, these claims should be dismissed because they fail to state a claim upon which relief may be granted against Defendant Westwood.

2. *Administrative Exhaustion*

Defendant contends that Plaintiff failed to exhaust his administrative remedies on these claims and that he is therefore entitled to dismissal of Plaintiff's Complaint under 42 U.S.C. § 1997e(a). (Docket no. 10 at 16-21). Section 1997e(a) provides that a prisoner may not bring a civil

action with respect to prison conditions without first exhausting his administrative remedies. The relevant grievance that Plaintiff filed is No. JCF-2006-12-3149-121. Defendant argues that Plaintiff failed to timely file his Step II appeal. This violated the grievance policy and precludes this grievance from being evidence of exhaustion, according to Defendant. (*Id.*).

Plaintiff filed this grievance on December 20, 2006 and it was received at Step I on December 22, 2006, as reflected on the face of the grievance form. (Docket no. 10, ex. G). The grievance form also shows that it was returned to Plaintiff on February 1, 2007. The grievance policy directs that the Step I response is due "within 15 business days after receipt of the grievance, unless an extension is granted." (Docket no. 14, Ex. A (MDOC Policy Directive 03.02.130 effective 12/19/2003, Part Y)). Because Plaintiff's Step I grievance was received on December 22, 2006, a response was due by January 17, 2007.[1] The policy also states that if the grievant does not receive a timely response, which Plaintiff did not here, he may request an appeal form "within five business days after the date the response was due." (*Id.* Part DD). The grievant must submit this form "within five business days after receiving" the appeal form. (*Id.*). Therefore, Plaintiff should have obtained an appeal form by January 24, 2007 and should have submitted it by January 31, 2007. Plaintiff's Step II appeal form is dated January 26, 2007, and Defendant agrees that Plaintiff submitted his Step II appeal on January 26. (Docket no. 10 at 19). Accordingly, Plaintiff timely submitted his Step II appeal prior to his deadline of January 31, 2007.

Defendant inexplicably argues that Plaintiff should have filed his Step II appeal during the time period of January 15-19, 2007. (*Id.*) The Court cannot determine how Defendant calculated this deadline.

---

[1] The Court calculates this date by excluding intervening Saturdays and Sundays and official holidays because they are not "business days."

Because Plaintiff timely submitted his Step II grievance, Defendant's Motion to Dismiss based on lack of administrative exhaustion should be denied.

### 3. *Deliberate Indifference to Serious Medical Need*

Defendant next contends that Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs because Defendant's "medical decision that a wrist brace is unnecessary for Plaintiff's condition does not constitute deliberate indifference." (Docket no. 10 at 22). However, even if this is true, Plaintiff's Complaint may be read to allege that Defendant's decision was based on reasons other than his medical judgment. Plaintiff alleges in his Complaint that Defendant did not provide a medical reason for denying the brace until after Plaintiff filed his grievance. Construing Plaintiff's Complaint broadly, it alleges that Defendant refused to authorize Plaintiff's use of the brace because of the requests of the non-medical staff rather than Defendant's independent medical examination or beliefs. Plaintiff further alleges that Defendant was aware that he would suffer unnecessary pain and discomfort without the wrist brace. The Court therefore finds that Plaintiff has stated a claim upon which relief may be granted for deliberate indifference to a serious medical need. *See Gil v. Reed*, 381 F.3d 649, 662-64 (7th Cir. 2004) (allegation that prison physician prescribed medication multiple times that could lead to substantial risk of harm to inmate, while cancelling others that could ameliorate condition, created genuine issue of material fact with respect to physician's state of mind).

This issue of whether Defendant acted with deliberate indifference is one upon which the parties should submit relevant material pursuant to a summary judgment motion. Plaintiff is specifically advised that his failure to respond with affidavits or appropriate supporting documents relevant to his claim of deliberate indifference may result in the granting of a motion for summary judgment against him.

### 4. *Equal Protection and Due Process*

Defendant does not make any specific arguments concerning Plaintiff's claims of violations of his equal protection and due process rights. These claims will therefore remain and the parties may address them in a summary judgment motion.

## III. <u>**NOTICE TO PARTIES REGARDING OBJECTIONS**</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 04, 2007     s/ Mona K. Majzoub
                MONA K. MAJZOUB
                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon George Merlino and Counsel of Record on this date.

Dated: September 04, 2007                  <u>s/ Lisa C. Bartlett</u>
                                                  Courtroom Deputy