# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEORGE MERLINO,

    Plaintiff,

vs.                                    CASE NO. 07-11421
                                       HON. LAWRENCE P. ZATKOFF
                                       MAGISTRATE JUDGE MONA K. MAJZOUB

DR. JOSEPH WESTWOOD,

    Defendant.
_____/

## OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART AND (2) DISMISSING PLAINTIFF'S EQUAL PROTECTION AND DUE PROCESS CLAIMS

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 10, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Magistrate Judge Majzoub's Report and Recommendation of September 4, 2007, in which the Magistrate Judge recommends that Defendant's Motion to Dismiss should be granted as to Claims II and III in Plaintiff's Complaint and denied as to Claims I and IV. Defendant has filed timely objections to the Magistrate's report. The Court has undertaken a thorough review of the court file, the Report and Recommendation, and Defendant's objections. As a result of that review, the Court ADOPTS the Report and Recommendation with respect to Claims I, II, and III, and enters it as the findings and conclusions of the Court. The Court REJECTS the Report and Recommendation with respect to Claim IV, and will dismiss that claim for failure to state a claim upon which relief can be granted.

## II. BACKGROUND

The factual background of this case is adequately set forth in the Magistrate's Report and Recommendation and need not be restated here. Claim IV of Plaintiff's Complaint alleges that Defendant violated his rights to Equal Protection and Due Process when Defendant revoked Plaintiff's use of a wrist brace that he had been using as a result of a wrist injury. Defendant argues that Plaintiff has failed to state viable Equal Protection and Due Process claims, and moves to dismiss under Fed. R. Civ. P. 12(b)(6).

## III. DISCUSSION

*A. Legal Standard*

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). This standard of review requires more than bare assertions of legal conclusions, *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001), and the Court need not accept as true legal conclusions "masquerading as factual conclusions," *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005), and unwarranted factual inferences, *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

*B. Analysis*

The Court finds that Plaintiff has failed to properly allege a violation of either Equal Protection or Due Process. Plaintiff's Complaint merely states that he has both of these rights and

that Defendant violated them by taking away his wrist brace. However, Plaintiff does not plead any facts that would give rise to viable Equal Protection or Due Process claims. Significantly, Plaintiff has not presented any facts that show he is a member of a protected class, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985); that he was treated differently from a similarly situated individual, *see Village of Willowbrook v. Olech*, 528 U.S. 562 (2000); that he had a protected liberty or property interest in his wrist brace, *see Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454 (1989); that the prison's grievance procedures following the decision to seize his wrist brace were insufficient, *see Parratt v. Taylor*, 451 U.S. 527 (1981); or that Defendant's policies, either as written or applied in this case, were not reasonably related to a legitimate penological interest, *see Turner v. Safley*, 482 U.S. 78, 89 (1987). Thus, the Court concludes that Claim IV of Plaintiff's Complaint presents nothing more than bare assertions of legal conclusions and, therefore, must be dismissed.

As a final matter, the Court notes that after Defendant filed his motion, but before the Magistrate issued the Report and Recommendation, Plaintiff was paroled. Following his parole, Plaintiff failed to provided an updated address to the Clerk of the Court. As a consequence, Plaintiff has not received a copy of the Magistrate's Report and Recommendation and the Court has no way of contacting him. Moreover, Plaintiff did not respond to Defendant's Motion to Dismiss. Under these circumstances, Plaintiff is at serious risk of having his claim dismissed for want of prosecution. However, given that Plaintiff has stated a viable claim based on the Eighth Amendment, the Court finds that an injustice would occur if Plaintiff's Complaint were dismissed in its entirety prior to giving Plaintiff an opportunity to demonstrate the merits of his remaining claim. Therefore, the Court finds it is necessary to place a limit on the amount of time Plaintiff has to go forward with his Eighth Amendment claim.

## IV. CONCLUSION

As discussed above, the Court HEREBY ADOPTS the Report and Recommendation with respect to Claims I, II, and III, and enters it as the findings and conclusions of the Court. The Court REJECTS the Report and Recommendation with respect to Claim IV, and finds that Plaintiff has failed to state viable Equal Protection and Due Process claims. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed as to Claims II, III, and IV. Plaintiff's Eighth Amendment deliberate indifference claim remains.

IT IS FURTHER ORDERED that Plaintiff shall take the necessary steps to pursue his remaining claim within sixty (60) days of this Order. Should Plaintiff fail to pursue his claim in that time, the Court will dismiss his Eighth Amendment claim without prejudice.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 10, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290